IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND,                   )
LABORERS' WELFARE FUND OF THE             )
HEALTH AND WELFARE DEPARTMENT             )
OF THE CONSTRUCTION AND GENERAL           )
LABORERS' DISTRICT COUNCIL OF             )
CHICAGO AND VICINITY, THE CHICAGO         )
LABORERS' DISTRICT COUNCIL RETIREE        )
HEALTH AND WELFARE FUND, and JAMES        )
S. JORGENSEN, Administrator of the Funds, )
                                          )
                      Plaintiffs,         )        Case No.:  16 C 6132
          v.                              )
                                          )
GALOMEX CORPORATION, an Illinois          )
Corporation, and SOFIA MAGANA,            )
individually,                             )
                      Defendants.         )

## COMPLAINT

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity,

the Chicago Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds")

and James S. Jorgensen (hereinafter "Jorgensen"), not individually but as Administrator of the

Funds, by and through their attorneys Patrick T. Wallace, Jerrod Olszewski, Amy Carollo, John

Hamada, Katherine Mosenson, and Kelly Carson, and for their Complaint against Defendants

Galomex Corporation and Sofia Magana, individually, state:

## COUNT I

### (Failure to Submit to an Audit)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331 and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Galomex Corporation (hereinafter the "Company") is an Illinois Corporation authorized to operate in Illinois. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  At all times relevant herein, the Company and the Union have been parties to a collective bargaining agreement which became effective August 7, 2014 ("Agreement"). (A copy of the Company's Independent Construction Industry Collective Bargaining Agreement which adopts and incorporates various area-wide Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibit A.)

7.     Defendant Sofia Magana ("Magana") is and was at all times an officer, shareholder and director of the Company.

8.     The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.  Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA"), the Illinois Small

3

Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  The Company is obligated to pay between 10% to 20% liquidated damages on late-paid contributions plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

10.      The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11.      The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12.      Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company performed covered work during the time period of May 1, 2015 forward.  The Funds demanded an audit and the Company failed to submit all books and records to an audit for the time period of May 1, 2015 forward, thereby depriving the Funds of information needed to administer the Funds and jeopardizing the benefits of the participants and beneficiaries.

13.     The Company's actions in failing to timely submit reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

14.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Galomex  Corporation:

a.      ordering the Company to submit all books and records to an audit for the period of May 1, 2015 forward and entering judgment in sum certain in Plaintiffs' favor against Defendant Galomex Corporation for the amounts due on audit including unpaid contributions, interest, liquidated damages, accumulated liquidated damages on late-paid reports, audit costs, and Plaintiffs' attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

15.     Plaintiffs reallege and incorporate herein paragraphs 1 through 14 of Count I.

16.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers

union dues which have been or should have been deducted from the wages of covered employees.

17.     Notwithstanding the obligations imposed by the Agreement, the Company performed covered work during the time period of May 1, 2015 forward and failed to submit all books and records to a requested audit to determine dues contributions compliance for the time period of May 1, 2015 forward, thereby depriving the Union of information.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment jointly and severally against Defendant Galomex Corporation ordering the Company to submit its books and records to an audit for the period of May 1, 2015 forward and entering judgment in favor of the Funds and against Defendant for the Union dues and liquidated damages owed together with all accumulated liquidated damages on late-paid reports, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Violation of Illinois Wage Payment and Collection Act)

18.     Plaintiffs reallege and incorporate herein paragraphs 1 through 14 of Count 1 and paragraphs 16 to 17 of Count II.

19.     This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

20.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

21.     During the period of February 2016, employees of the Company performed work for the Company and earned wages.

22.     Employees of the Company performed work defined as covered under the terms of the Agreement executed written assignments authorizing and directing the Defendant Company to withhold monies from their wages for remittance to the Union in satisfaction of dues and fee obligations.

23.     During the period of February 2015 the Company deducted dues from the wages of its employees pursuant to the wage deductions signed by the employees but failed to properly remit the payments to the Union.

24.     Plaintiffs demanded payment of the amounts due to the Union but the Company failed to remit payment of those amounts.

25.     Defendant Company's conduct violates the Illinois Wage and Payment Collection Act, 820 ILCS 115/1 et seq.

26.     At all times material, Defendant Magana acted directly in the interest of Defendant Company in relation to its employees.

27.     At all times material, Defendant Magana controlled the terms of employment of Defendant Company employees and exercised control over the payment of wages and the withholding of monies from the employees' wages.

28.     At all times relevant, Defendant Magana controlled disbursements made by Defendant Company including the issuance of payroll checks and the remittance of dues to the Union.

29.     Defendant Magana knowingly permitted Defendant Company to retain the wages withheld from such employees' paychecks rather than remitting said funds to the Union.

30.     Defendant Magana knowingly and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the Union.  As such, Defendant Magana is an "employer" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to properly deduct monies from employees' wages and remit those monies to the Union for the payment of dues.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and against Defendants Galomex Corporation and Sofia Magana entering judgment in favor of Plaintiffs and jointly and severally against Defendants for the amount of union dues owed, plus ten percent liquidated damages and the Funds' reasonable attorneys' fees and costs pursuant to 820 ILCS 115/13 and the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1. Plaintiffs also request that this Court grant such other legal and equitable relief as this Court deems just and proper.

## COUNT IV

### (Conversion)

31.     Plaintiffs reallege and incorporate herein paragraphs 1 through 14 of Count 1, paragraphs 16 to 17 of Count II and paragraphs 18 to 30 of Count III.

32.     Pursuant to the wage assignments executed by each of the Defendant Company's employees, the Union has a right to immediate possession of those monies on the tenth day of the month following the month in which the wages were earned and the deductions were made from employees' wages.

33.     For the period of February 2016, Defendants deducted and withheld monies from the wages of the Company's employees for union dues and appropriated that money for their own

8

use and benefit thereby depriving the Union of its property. At that time, Defendants were without right to possession of those monies withheld from the employees' wages.

34.     Through the actions enumerated above, Defendants have wrongfully converted the Union's property and should be justly required to pay the Union the full value of that property.

WHEREFORE, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs and against Defendants Galomex Corporation and Sophia Magana, for the amount of all monies wrongfully converted, and such other relief that is equitable and just.

June 13, 2016                                  Laborers' Pension Fund, et al.

                                               By:  /s/ Amy Carollo

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

9

# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

999 McClINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

*Galomex Corp*

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between _____ *Galomex Corp.* _____ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

**1. Recognition.** In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association without written approval from the Union. Notwithstanding the number of persons employed under this Agreement, the Employer shall abide by this Agreement, and all extensions hereof, and it waives any right it may have to terminate this agreement based upon the number of persons employed.

**2. Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Hall Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Midwest Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

**3. Total economic Increase.** The Employer shall pay its employees a total economic increase of $1.90 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.00 per hour.

**4. Checkoff Deductions and Remittances.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Illinois Department of Revenue or other applicable standard.

**5. Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

**6. Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

**7. Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDCLMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

**8. Contract Enforcement.** All grievances filed by either party relating thereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

**9. Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

**10. Termination.** This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of this newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

**11. Execution.** The parties below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signatures.

Dated: *August 7*, 20 *2014*                                      *Galomex Corp.*
                                                                                                                    (Employer)

ACCEPTED:                                                                          FEIN No.: _____

Laborers' Local Union No. *4*                                          By: *Rodolfo Magana, Vicepresident*
                                                                                                      (Print Name and Title)

By: *Paul P. Connelly*                                                    *(Signature)*

CONSTRUCTION AND GENERAL LABORERS'                   *14680 S. 108 Ave.*
DISTRICT COUNCIL OF CHICAGO AND VICINITY                              (Address)

By: *James P. Connelly, Business Manager*              *Orland Park IL 60467*
                                                                                                (City, State and Zip Code)

By: *Charles LoVerde, Secretary-Treasurer*                 *773) 581 82 03*
                                                                                             (Telephone/Telefax)

For Office Use Only: *CA JCA #*                             *galomex1@yahoo.com*
                                                                                              (Email Address)

Effective June 1, 2013          WHITE - LOCAL UNION    •    CANARY - TRUST FUND    •    PINK - DISTRICT COUNCIL    •    GOLD - EMPLOYER

RECEIVED SEP 11 2014